UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

KARA O'GRADY,

                     Plaintiff,

-against-

PAMELA BUTLER, TIFFANY BUTLER,
SINGH GURPINDER and PAL MANDEEP,

                     Defendants.

-----------------------------------------------------------------x

07 Civ.

COMPLAINT

JURY TRIAL DEMANDED

*JUDGE MARRERO*
*07 CIV 8207*

*RECEIVED SEP 20 2007 U.S.D.C. S.D.N.Y. CASHIERS*

      Plaintiff, by her attorneys, Jaroslawicz & Jaros, LLC, complaining of the defendants, upon information and belief, alleges as follows:

## THE PARTIES

1.    At all times hereinafter mentioned, plaintiff is a citizen of the State of New Jersey.

2.    At all times hereinafter mentioned, the defendant Pamela Butler is a citizen of the State of New York.

3.    At all times hereinafter mentioned, the defendant Pamela Butler owned a motor vehicle bearing New York State license plate DLT 8713.

4.    At all times hereinafter mentioned, the defendant Tiffany Butler is a citizen of the State of New York.

5.    At all times hereinafter mentioned, the defendant Tiffany Butler was operating the motor vehicle owned by Pamela Butler.

6.    At all times hereinafter mentioned, the defendant Tiffany Butler was operating said vehicle with the actual and/or implied consent of the defendant Pamela Butler.

7. At all times hereinafter mentioned, the defendant Singh Gurpinder is a citizen of the State of New York.

8. At all times hereinafter mentioned, the defendant Singh Gurpinder owned a motor vehicle bearing New York State license plate number 1E99.

9. At all times hereinafter mentioned, the defendant Pal Mandeep is a citizen of the State of New York.

10. At all times hereinafter mentioned, the defendant Pal Mandeep was operating the motor vehicle owned by Singh Gurpinder.

11. At all times hereinafter mentioned, the defendant Pal Mandeep was operating said vehicle with the actual and/or implied consent of the defendant Singh Gurpinder.

## JURISDICTION AND VENUE

12. That the amount in controversy exceeds the sum of $100,000, exclusive of interest and costs.

13. That this Court has jurisdiction over the parties by reason of diversity of citizenship and the amount in controversy, pursuant to 28 U.S.C. 1332.

14. Venue is properly placed in the United States District Court for the Southern District of New York since the occurrence took place herein, the witnesses are located here, and this is the most convenient place for the trial of this action.

## THE UNDERLYING FACTS

15. At all times hereinafter mentioned, the intersection of West 8th Street and Central Park West was and is a public thoroughfare in the State of New York, County of New York.

16. On or about June 1, 2007, the defendant Tiffany Butler was operating the Butler vehicle in the aforementioned vicinity.

17. On or about June 1, 2007, the defendant Pal Mandeep was operating the Gurpinder vehicle in the aforementioned vicinity.

18. On or about June 1, 2007, the plaintiff was a passenger in the motor vehicle owned by Singh Gurpinder and operated by Pal Mandeep.

19. Due to the defendants' recklessness, carelessness and negligence, plaintiff was caused to suffer severe and permanent personal injury when the defendants' vehicles collided.

20. Plaintiff in this action has suffered serious injuries as defined by the No-Fault Insurance Law of the State of New York.

21. That plaintiff in this action is not seeking to recover any monies which are paid or should be paid through No-Fault Insurance.

22. If the plaintiff executes a release in this action, plaintiff does not intend to release any claims by any insurance carrier for any monies paid for no-fault benefits or any claims for subrogation or any claims other than the plaintiff's own claims for pain and suffering and the amount of special damages exceeding those paid under No-Fault.

### AS AND FOR A FIRST CLAIM FOR RELIEF
### AS AGAINST DEFENDANTS PAMELA BUTLER AND TIFFANY BUTLER

23. The defendants were reckless, careless and negligence in operating the motor vehicle at an excessive rate of speed; in failing to see what should be seen; in causing and/or permitting the motor vehicle to strike the co-defendant's vehicle ; in failing to make proper use of brakes, horns and

3

other devices; in failing to obey traffic signals; in violating applicable laws, rules and regulations; and defendants were otherwise reckless, careless and negligent.

24. As a result of the defendants' negligence, plaintiff was caused to suffer severe and permanent personal injuries, including her neck, left shoulder, knee and other parts of her body; multiple contusions; cervical radiculopathy; cervicalgia; muscle spasms; extreme pain and suffering; plaintiff required hospital and medical care and attention and will require such care and attention in the future; mental anguish and distress; plaintiff requires physical therapy; difficulty sleeping; unable to attend to her usual duties and vocation; and plaintiff has been otherwise damaged, all of which damages are permanent in nature and continuing into the future.

25. By reason of the foregoing, defendants are jointly and severally liable pursuant to the exceptions set forth in the CPLR.

26. By reason of the foregoing, plaintiff is entitled to recover all of her damages from the defendants.

## AS AND FOR A SECOND CLAIM FOR RELIEF
## AS AGAINST DEFENDANTS SINGH GURPINDER AND PAL MANDEEP

27. Plaintiff hereby repeats, reiterates and realleges each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

28. The defendants were reckless, careless and negligence in operating the motor vehicle at an excessive rate of speed; in failing to see what should be seen; in causing the motor vehicle to strike the co-defendant's vehicle; in failing to make proper use of brakes, horns and other devices; in failing to obey traffic signals; in violating applicable laws, rules and regulations; and defendants were otherwise reckless, careless and negligent.

29. As a result of the defendants' negligence, plaintiff was caused to suffer severe and permanent personal injuries as set forth above.

30. By reason of the foregoing, defendants are jointly and severally liable pursuant to the exceptions set forth in the CPLR.

31. By reason of the foregoing, plaintiff is entitled to recover all of her damages from the defendants.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, for all damages properly recoverable in an action of this nature, all together with the costs and disbursements of this action.

JAROSLAWICZ & JAROS, LLC
Attorneys for Plaintiff
225 Broadway, 24th Floor
New York, New York 10007
(212) 227-2780

By: _____
David Jaroslawicz (DJ-6931)

*Law Offices of*
*JAROSLAWICZ & JAROS, LLC*

---

07 Civ.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KARA O'GRADY,

        Plaintiff,

-against-

PAMELA BUTLER, TIFFANY BUTLER,
SINGH GURPINDER and PAL MANDEEP,

        Defendants.

---

Summons & Complaint
Jury Trial Demanded

---

Law Offices of
Jaroslawicz & Jaros, LLC
225 Broadway, 24th Floor
New York, New York 10007
(212) 227-2780