UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
KARA O'GRADY,                                              Justice Marrero
                Plaintiff(s),                   07-CV-8207
    - against -
PAMELA BUTLER, TIFFANY BUTLER,                             **Verified Answer**
SINGH GURPINDER and PAL MANDEEP                            **Trial by Jury**
                Defendant(s).                   **Demanded**
-------------------------------------------------------------------x

       The defendant(s) **GURPINDER P. SINGH s/h/a SINGH GURPINDER and PAL MANDEEP**, by their Attorney, **MARJORIE E. BORNES**, answering the complaint of the plaintiff(s) **KARA O'GRADY** herein, respectfully allege(s) upon information and belief, as follows:

### AS AND FOR THEIR ANSWER TO THE PARTIES

    1.    Deny knowledge or information to form a belief as to each and every allegation contained in paragraph(s) A1", "2", "3", "4", "5", "6", "7" and A9" of the Complaint.

### AS AND FOR THEIR ANSWER TO THE JURISDICTION AND VENUE

    2.    Deny knowledge or information to form a belief as to each and every allegation contained in paragraph(s) A12", "13" and A14" of the Complaint.

### AS AND FOR THEIR ANSWER TO THE UNDERLYING FACTS

    3.    Deny knowledge or information to form a belief as to each and every allegation contained in paragraph(s) A15", A16", "18", "21" and A22" of the Complaint.

    4.    Deny each and every allegation contained in paragraph(s) A19" of the Complaint as to defendants Singh and Mandeep.

    5.    Deny each and every allegation contained in paragraph(s) A20" of the Complaint.

### AS AND FOR THEIR ANSWER TO A FIRST CLAIM FOR RELIEF
### AS AGAINST DEFENDANTS PAMELA BUTLER AND TIFFANY BUTLER

    6.    Deny knowledge or information to form a belief as to each and every allegation contained in paragraph(s) A23", "24", "25" and "26" of the Complaint.

**AS AND FOR THEIR ANSWER TO A SECOND CLAIM FOR REIEF AS AGAINST DEFENDANTS GURPINDER P. SINGH s/h/a SINGH GURPINDER AND PAL MANDEEP**

7. Answering paragraph(s) A27" of the complaint, repeat(s), reiterate(s) and reallege(s) each and every allegation, admission and denial contained in the proceeding paragraphs of this Answer, with the same force and effect as though here again set forth at length.

8. Deny each and every allegation contained in paragraph(s) A28", A29", A30" and A31" of the Complaint.

**AS AND FOR THEIR FIRST AFFIRMATIVE DEFENSE**

9. That the Court lacks personal jurisdiction over the answering defendant(s) in that the Summons and Complaint was not served upon the defendant(s), and if the Summons were served, said service was not in accordance with the applicable provisions of Article 3 of the CPLR, governing the service of process.

**AS AND FOR THEIR SECOND AFFIRMATIVE DEFENSE**

10. That by reason of all of the provisions of Article 51 of the New York Comprehensive Motor Vehicle Insurance Reparations Act, ə5101 to ə5108, this Court lacks jurisdiction over the subject matter of this action and plaintiff(s) is expressly prohibited by the above mentioned law from maintaining this action.

**AS AND FOR THEIR THIRD AFFIRMATIVE DEFENSE**

11. Upon information and belief, pursuant to CPLR ə1412, any damages sustained by plaintiff(s) were caused in whole or in part or were contributed to by the culpable conduct and want of care on the part of plaintiff(s) and any such alleged damages should be fully or partially diminished by said culpable conduct and want of care on the part of the plaintiff(s) pursuant to CPLR Article 14-A.

### **AS AND FOR THEIR FOURTH AFFIRMATIVE DEFENSE**

12. Pursuant to C.P.L.R. 4545, plaintiff(s)'s recovery should be reduced by any amounts received or to be received by plaintiff(s) from collateral sources of payment.

### **AS AND FOR THEIR FIFTH AFFIRMATIVE DEFENSE**

13. That if it be determined hereafter that plaintiff(s) or any party to this lawsuit has proceeded to arbitration with respect to any issue relevant to this action which results in an adverse ruling to said plaintiff(s) or party, then and in that event, the answering defendant(s) hereby plead said adverse ruling or award on the theory of collateral estoppel under the authority.

### **AS AND FOR THEIR SIXTH AFFIRMATIVE DEFENSE**

14. Plaintiff(s)'s injuries do not meet the jurisdictional amount required for diversity actions in this Court.

### **AS AND FOR THEIR SEVENTH AFFIRMATIVE DEFENSE**

15. That the liability of the defendant(s), if any, does not exceed fifty (50%) percent of the liability assigned to all persons, if any, liable and that the liability of the defendant(s), if any for non-economic loss is limited pursuant to Article 16 of the CPLR.

### **AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

16. If it be determined that each respective plaintiff failed to use available seat belts, defendant(s) pleads said fact in mitigation of damages.

### **CROSS-CLAIM AGAINST DEFENDANT(S) PAMELA BUTLER AND TIFFANY BUTLER**

17. That if plaintiff(s) were caused to sustain any injuries and/or damages, as alleged in his Complaint, through the negligence, recklessness, carelessness and/or culpable conduct other than the plaintiff(s)'s own negligence, recklessness, carelessness and/or culpable conduct, said injuries and damages were caused by the negligence, recklessness, carelessness and/or affirmative acts of omission or commission and/or breach of contract and/or other culpable conduct of the co-defendant(s) against whom this cross-claim is pleaded and if

any judgment is recovered herein by the plaintiff(s) against the defendant(s) asserting this cross-claim, then said defendant(s) demand indemnification and/or contribution against the co-defendants.

18.     By reason of the foregoing, the co-defendants against whom this cross-claim is pleaded, on the basis of apportionment of responsibility for the alleged occurrence, pursuant to Article Fourteen of the CPLR and on the basis of common law indemnification, are liable in contribution and/or indemnification to the said defendant(s) asserting this cross-claim and if any judgment is recovered herein by the plaintiff(s) against the defendant(s) asserting this cross-claim, the said defendant(s) will be damaged thereby and the co-defendants against whom this cross-claim is pleaded is or will be responsible therefor.

**WHEREFORE**, the defendant(s) **GURPINDER P. SINGH s/h/a SINGH GURPINDER and PAL MANDEEP** hereby demand judgment dismissing the Complaint with costs or, in the alternative, if the Complaint shall not be dismissed, the amount of damages otherwise recoverable against said defendant(s) shall be diminished in the proportion which the culpable conduct attributable to the plaintiff(s) bears to the culpable conduct, if any, of said defendant(s) and further demand, pursuant to ₴3019(b) of the CPLR, that the ultimate rights of the defendants in this action as amongst themselves be determined in this action, and that the cross-claiming defendant(s) have judgment over and against the co-defendants for the amount of any verdict or judgment which may be obtained herein by the plaintiff(s) against said cross-claiming defendant(s), or in the alternative, for contribution toward such verdict or judgment pursuant to Article 14 of the CPLR, together with costs and disbursements of this action, plus

any and all attorney's fees.

Dated: New York, NY
October 2, 2007

Yours, etc.,

_____
**MARJORIE E. BORNES, ESQ. MB6505**
Attorneys for Defendant(s)
*Singh and Mandeep*
330 West 34th Street - 7th Floor
New York, NY 10001
(212) 857-8252

**TO:**  **JAROSLAWICZ & JAROS, LLC**
David Jaroslawicz, Esq. (DJ-6931)
Attorneys for Plaintiff(s) *O'Grady*
225 Broadway – 24th Floor
New York, NY 10007

**PAMELA BUTLER**
**TIFFANY BUTLER**
163 West 133rd Street
New York, NY 10030

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
KARA O'GRADY,                                  Justice Marrero
             Plaintiff(s),                  07-CV-8207
     - against -
PAMELA BUTLER, TIFFANY BUTLER,
SINGH GURPINDER and PAL MANDEEP
             Defendant(s).
------------------------------------------------------------------x

**CERTIFICATION OF SERVICE BY MAIL**

STATE OF NEW YORK    )
                                     ) ss:
COUNTY OF NEW YORK   )

       I hereby certify that on October 3, 2007 the foregoing document **VERIFIED ANSWER TRIAL BY JURY DEMANDED** was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District=s Local Rules, and/or the Eastern District=s Rules On Electronic Service upon the following parties and participants:

**TO:**     **JAROSLAWICZ & JAROS, LLC**
          David Jaroslawicz, Esq. (DJ-6931
          Attorneys for Plaintiff(s) *O'Grady*
          225 Broadway – 24th Floor
          New York, NY 10007

          **PAMELA BUTLER**
          **TIFFANY BUTLER**
          163 West 133rd Street
          New York, NY 10030


S/_____
      MARJORIE E. BORNES, ESQ MB6505

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
INDEX # 07-CV-8207

KARA O'GRADY,
                   Plaintiff(s),
  - against -
PAMELA BUTLER, TIFFANY BUTLER,
SINGH GURPINDER and PAL MANDEEP
                  Defendant(s).

## VERIFIED ANSWER TRIAL BY JURY DEMANDED

**MARJORIE E. BORNES, ESQ.**
Attorney for Defendant(s) *Singh and Mandeep*
330 West 34th Street - 7th Floor
New York, NY 10001
(212) 857-8252

*TO:*
*Attorney for*_____
*Service of a copy of the within          is hereby admitted.*

*Dated*         _____         *Attorneys for*

**PLEASE TAKE NOTICE**
_____Notice of Entry
that the within is a true copy of a    duly entered in the office of the Clerk of the within Court on    , 200 .

_____Notice of Settlement
that an order of which the within is a true copy will be presented for  settlement to the Hon. , one of the Judges of the within named Court, at    on    at    A.M.
Dated

                          **MARJORIE E. BORNES, ESQ.**
                          *Attorney for Defendant(s)*
                          *Singh and Mandeep*
                          330 West 34th Street - 7th Floor
                          New York, NY 10001
                          212-857-8252

TO:
Attorney for